

**FREDRICKSON, MAZEIKA
& GRANT, LLP**
5720 Oberlin Drive
San Diego, CA 92121
Telephone: (858) 642-2002/ Facsimile (858) 642-2001
Peter S. Gregorovic, Esq.; Cal. Bar No. 134950
Melissa A. Hoffman, Esq.; Cal. Bar. No. 257126

FILED
CLERK, U.S. DISTRICT COURT

JUN 2 5 2010

CENTRAL DISTRICT OF CALIFORNIA
BY                            DEPUTY

Attorneys for Plaintiff, COLONY INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

COLONY INSURANCE COMPANY,

    Plaintiff,

v.

RENAISSANCE MALIBU, LLC, an unknown
business entity; GRASSHOPPER HOUSE, LLC,
a California limited liability company doing
business as "Passages Malibu"; PASSAGE
SILVER STRAND, LLC, a California limited
liability company; and DOES 1-10, inclusive,

    Defendants.

CASE NO. CV10 4714 SJO (JCx)

COMPLAINT FOR DECLARATORY
RELIEF

Plaintiff COLONY INSURANCE COMPANY ("Colony") alleges as follows:

## JURISDICTION AND VENUE

1.      PLAINTIFF, COLONY INSURANCE (hereinafter "COLONY") seeks declaratory
relief regarding the lack of coverage for two lawsuits arising from the same operative transaction
and occurrences. The underlying suits are brought in Oregon and California as described below.

2.      The Oregon suit is entitled *Grasshopper House, LLC, et al. v. Accelerated
Recovery Centers, LLC, et al.* filed on July 7, 2009 in the United States District Court, District of
Oregon, bearing Case No. 3:09-CV-778-HA ("Oregon Action."). It is brought against named
defendants:    ACCELERATED RECOVERY CENTERS, LLC, RENAISSANCE MALIBU

1  FOUNDATION, and BALDWIN RESEARCH INSTITUTE, INC.; and against SALVATORE

2  PETRUCCI, RENAISSANCE RECOVERY SERVICES, LLC AND, NNB RECOVERY

3  SERVICES, LLC as additional parties bound pursuant to the Oregon injunction obtained by way a

4  default judgment awarding Plaintiffs therein $750,000 and granting permanent injunction.

5  Colony's named insured, Renaissance Malibu, LLC, is not a named defendant or additional party

6  bound by the injunction.

7      3.      The California action is entitled *Grasshopper House, LLC, et al. v. Renaissance*

8  *Recovery Services, LLC, et al.* filed on April 28, 2010 in the United States District Court, Central

9  District of California, bearing Case No. CV10 3198 DMG (JCx) ("California Action."). The

10  California Suit is brought against:  RENAISSANCE RECOVERY SERVICES, LLC, NNB

11  RECOVERY SERVICES, LLC, and SALVATORE PETRUCCI. Colony's named insured,

12  Renaissance Malibu, LLC, is not a named defendant.

13      4.      Colony, which insured Renaissance Malibu, LLC seeks a judicial determination

14  that there is no coverage under the Colony Policy No. AP512245 issued to Renaissance Malibu,

15  LLC providing occurrence based Commercial General Liability Coverage effective March 23,

16  2010 to March 23, 2011; and there was no coverage under the Colony Professional Liability

17  Coverage claims made and reported policy effective the same dates ("10-11 policy") in either the

18  Oregon Action or the California Action.

19      5.      In addition to the above, Colony seeks a judicial determination that there was no

20  available coverage for the Oregon and California Actions under the policy because:

21      (a)      The named insured, Renaissance Malibu, LLC, is not a named Defendant in the

22  Oregon Action;

23      (b)      The named insured, Renaissance Malibu, LLC, is not a named Defendant in the

24  California Action;

25      (c)      The named Defendants in both the Oregon and California Actions are not insureds;

26      (d)      No "bodily injury" or "property damage" occurred during the 10-11 policy period;

27      (e)      No "bodily injury" or "property damage" during the policy period was caused by

28  an "occurrence" within the 10-11 policy;

1      (f)    No "offense" occurred as defined under the 10-11 policy;

2      (g)    No "wrongful act" occurred as defined under the 10-11 policy;

3      (h)    To the extent that any insured had prior knowledge of the claims alleged and

4 default judgment entered in the Oregon Action prior to the effective date of the 10-11 policy, there

5 is no coverage;

6      (i)    To the extent that any insured had prior knowledge of the claims alleged in the

7 California Action prior to the effective date of the 10-11 policy there is no coverage under the 10-

8 11 policy;

9      (j)    The 10-11 policy does not provide a defense or indemnity for any suit based upon

10 or arising out of a firm, partnership, joint venture, organization, entity or trust not named in the

11 Declarations in which the insured: (1) has or had any ownership interest; (2) is or was a director,

12 officer, partner, principal, shareholder or "employee"; or (3) at any time managed, operated or

13 exercised direct or indirect control.";

14      (k)    The 10-11 policy does not provide a defense or indemnity for any "suit" or pay for

15 any "claim" "based upon or arising out of "personal and advertising injury" arising out of the

16 unauthorized use of another's name or product in your e-mail address, domain name or metatag, or

17 any other similar tactics to mislead another's potential customers;

18      (l)    The 10-11 policy does not provide a defense or indemnity for a knowing violation

19 of the rights of another;

20      (m)    The 10-11 policy does not provide a defense or indemnity for material published

21 prior to the policy period;

22      (n)    The 10-11 policy does not provide a defense or indemnity for material published

23 with knowledge of falsity;

24      (o)    The 10-11 policy does not provide a defense or indemnity for unauthorized use of

25 another's name or product;

26      (p)    The 10-11 policy does not provide a defense or indemnity for infringement of

27 copyright, patent, trademark or trade secret;

28

Colony Insurance Company v. Renaissance Malibu, LLC
USDC Case No. _____

1    (q)    The 10-11 policy does not provide a defense or indemnity for criminal, fraudulent,

2    dishonest or intentional acts committed with knowledge of its wrongful nature or with the intent to

3    cause damage;

4    (r)    The 10-11 policy provides that all "occurrences", offenses or "wrongful acts" that

5    are logically or causally connected by any common fact, circumstance, situation, transaction,

6    event, advice or decision, regardless of the number of "claims", insureds or claimants, will be

7    considered to be one "occurrence", offense or "wrongful act" and will be deemed to have taken

8    place at the time the first of these related" occurrences", offenses or "wrongful acts" took place.

9    As such, there was no offense during the 10-11 policy as all alleged acts are deemed to have taken

10   place at the time of the earlier offense which was before the effective date of the 10-11 policy;

11   (s)    To the extent there was a material misrepresentation in the application for the 10-11

12   policy, there is no coverage under the 10-11 policy period;

13   (t)    The 10-11 policy does not provide a defense or indemnity under the doctrines of

14   loss in progress and knowledge of loss.

15   6.    This Court has original jurisdiction under 28 U.S.C. § 1332 because this matter is a

16   civil action between citizens of a different state and the matter in controversy exceeds the sum of

17   $75,000.00, exclusive of interest and costs.

18   7.    Colony requests relief pursuant to the Federal Declaratory Judgment Act, 28 U.S.C.

19   § 2201, under which this Court may declare the rights of any interested party seeking such a

20   declaration.

21   8.    Venue is proper under the provisions of 42 U.S.C. §§ 9613; 6972(a) because the

22   claims stated herein arose in this district.

23   **THE PARTIES**

24   9.    Colony is, and was, at all times relevant herein a corporation formed under the laws

25   of the State of Virginia, with its principal place of business in Virginia. Colony is authorized to do

26   business in California as a non-admitted carrier.

27

28

Colony Insurance Company v. Renaissance Malibu, LLC
USDC Case No. _____

10. Colony is informed and believes that Defendant, Renaissance Malibu, LLC, is and was at all times relevant herein a business entity of unknown form, and is not a registered LLC within any jurisdiction in the United States.

11. Colony is informed and believes that Defendant, Grasshopper House, LLC, is, and was at all times relevant herein, a California limited liability company doing business as "Passages Malibu".

12. Colony is informed and believes that Defendant, Passages Silver Strand, LLC, is and was at all times relevant herein a California limited liability company.

13. Plaintiff does not know the true names of Defendants sued as DOES 1-10, but is informed and believes that they are claimants under, or otherwise have an interest in, the policy involved in this action.

## THE COLONY POLICY

14. Colony issued a commercial general liability policy to Renaissance Malibu, LLC under policy number AP512245 with an effective period of March 23, 2010 to March 23, 2011 ("the 10-11 Occurrence Policy.") A true and correct certified copy of the Policy is attached hereto and incorporated herein by reference as Exhibit ("**Ex.**") **1**.

15. The 10-11 Occurrence Policy contains the insuring agreement which provides that:

**1. Insuring Agreement A - Bodily Injury And Property Damage**

a. We will pay, in excess of the Deductible shown in the Declarations, those sums that the insured becomes legally obligated to pay as "damages" because of "bodily injury" or "property damage" to which this insurance applies. We may, at our discretion, investigate any "occurrence" and settle any "claim" or "suit" that may result. But the amount we will pay for "damages" is limited as described in SECTION IV - LIMITS OF INSURANCE within the Common Policy Provisions. No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments.

b. This insurance applies to "bodily injury" and "property damage" only if:

(1) the "bodily injury" or "property damage" is caused by an "occurrence" that takes place in the "coverage territory";

1           (2) the "bodily injury" or "property damage" occurs during the "policy

2   period"; and

3           (3) prior to the "policy period", no insured listed under Paragraph 1. of

4   SECTION III - WHO IS AN INSURED within the Common Policy Provisions and no "employee"

5   authorized by you to give or receive notice of an "occurrence" or "claim", knew that the "bodily

6   injury" or "property damage" had occurred, in whole or in part. If such a listed insured or

7   authorized "employee" knew, prior to the "policy period", that the "bodily injury" or "property

8   damage" occurred, then any continuation, change or resumption of such "bodily injury" or

9   "property damage" during or after the "policy period" will be deemed to have been known prior to

10  the "policy period".

11          c.    "Bodily injury" or "property damage" which occurs during the "policy

12  period" and was not, prior to the "policy period", known to have occurred by any insured listed

13  under Paragraph 1. of SECTION III - WHO IS AN INSURED within the Common Policy

14  Provisions or any "employee" authorized by you to give or receive notice of an "occurrence" or

15  "claim", includes any continuation, change or resumption of that "bodily injury" or "property

16  damage" after the end of the "policy period".

17          d. "Bodily injury" or "property damage" will be deemed to have been known to

18  have occurred at the earliest time when any insured listed under Paragraph 1. of SECTION III -

19  WHO IS AN INSURED within the Common Policy Provisions or any "employee" authorized by

20  you to give or receive notice of an "occurrence" or "claim":

21          (1) reports all, or any part, of the "bodily injury" or "property damage" to us

22  or any other insurer;

23          (2) receives a written or verbal demand or "claim" for "damages" because of

24  the "bodily injury" or "property damage"; or

25          (3) becomes aware by any other means that "bodily injury" or "property

26  damage" has occurred or has begun to occur.

27

28

1  e. "Damages" because of "bodily injury" include "damages" claimed by any person

2 or organization for care, loss of services or death resulting at any time from the "bodily injury".

3 (See Ex. 1, Form SSCG0001-0509, p. 1 of 10.)

4  **2. Insuring Agreement B Personal And Advertising Injury**

5  a. We will pay, in excess of the Deductible shown in the Declarations, those sums

6 that the insured becomes legally obligated to pay as "damages" because of "personal and

7 advertising injury" to which this insurance applies. We may, at our discretion, investigate any

8 offense and settle any "claim" or "suit" that may result. But the amount we will pay for "damages"

9 is limited as described in SECTION IV - LIMITS OF INSURANCE within the Common Policy

10 Provisions. No other obligation or liability to pay sums or perform acts or services is covered

11 unless explicitly provided for under Supplementary Payments.

12  b. This insurance applies to "personal and advertising injury" caused by an offense

13 arising out of your business but only if the offense was committed in the "coverage territory"

14 during the "policy period". See Ex. 1, Form SSCG0001-0509, pp. 1-2 of 10.

15  16.  The 10-11 Occurrence Policy contains the following applicable exclusions:

16  a.  Prior Knowledge of the alleged wrongful acts;

17  b.  Known Prior Loss or Injury;

18  c.  Related Interests;

19  d.  Personal And Advertising Injury Based upon or arising out of "bodily

20 injury";

21  e.  Infringement Of Copyright, Patent, Trademark Or Trade Secret;

22  f.  Knowing Violation Of Rights Of Another;

23  g.  Material Published Prior To Policy Period;

24  h.  Material Published With Knowledge of Falsity;

25  i.  Unauthorized Use of Another's Name or Product; and

26  j.  Knowledge of Wrongful Nature.

27  17.  As the policy provides that all logically or casually connected "wrongful acts" are

28 deemed to have taken place at the time of the first occurrence, Colony seek a judicial

1 determination that there is no coverage under the 10-11 policy as there was no offense during the

2 10-11 policy period as all alleged acts are deemed to have taken place at the earlier offense which

3 was before the effective date of the 10-11 policy.

4      18.    Colony also issued a Professional Liability Claims Made and Reported policy to

5 Renaissance Malibu, LLC under policy number AP512245 with an effective period of March 23,

6 2010 to March 23, 2011 ("the 10-11 Claims Made and Reported Policy.") ("**Ex.1**")

7      19.    The 10-11 Claims Made and Reported Policy contains the insuring agreement

8 which provides that:

9         **1. Insuring Agreement D - Professional Liability**

10      a.    We will pay, in excess of the Deductible shown in the Declarations, those

11 sums the insured becomes legally obligated to pay as "damages" because of a "wrongful act" to

12 which this insurance applies. We may, at our discretion, investigate any incident and settle any

13 "claim" or "suit" that may result. But the amount we will pay for "damages" is limited as described

14 in SECTION IV - LIMITS OF INSURANCE within the Common Policy Provisions.

15      b.    This insurance applies to "wrongful acts", but only if

16         (1) the "wrongful act" was committed in the "coverage territory";

17         (2) the "wrongful act" was not committed before the Retroactive Date, if

18 any, shown in the Declarations or after the end of the "policy period"; and

19         (3) the "claim" because of a "wrongful act" is first made against any insured

20 and reported to us in accordance with:

21         (a) paragraph c. below; and

22         (b) the provisions set forth in SECTION VI-CONDITIONS, 6.

23 Duties In The Event Of A Claim Or Suit within the Common Policy Provisions; during the "policy

24 period" or any Extended Reporting Period we provide under SECTION III - EXTENDED

25 REPORTING PERIODS.

26      c.    All "claims" arising out of "wrongful acts" rendered to the same person or

27 organization will be deemed to have been made at the time the first of those "claims" is made

28 against any insured and reported to us. (See Ex. 1, Form SS0002-0509 p. 1 of 2.)

Colony Insurance Company  v. Renaissance Malibu, LLC
USDC Case No. _____

1      20.     The 10-11 Claims Made and Reported Policy contains the following applicable

2   exclusions:

3          a.     Prior Knowledge; and

4          b.     Related Interests.

5                 **GENERAL ALLEGATIONS COMMON TO ALL CLAIMS**

6   **A.     The Oregon Action**

7      · 21.     Colony is informed and believes that on or about July 7, 2009, Grasshopper House,

8   LLC and Passages Silver Strand, LLC filed a Complaint in the United States District Court,

9   District of Oregon for Damages against Accelerated Recovery Centers, LLC, Renaissance Malibu

10  Foundation and Baldwin Research Institute, Inc., as direct Defendants.  Thereafter, on or about

11  May 25, 2010, a Motion for Order to Show Cause was filed against the named defendants and

12  against Salvatore Petrucci, Renaissance Recovery Services, LLC and, NNB Recovery Services,

13  LLC as additional parties bound by the Oregon injunction.  The causes of action in the Oregon

14  Action are for Federal Unfair Competition (15 U.S.C. § 1125(a)), California Unfair Competition

15  (Cal. Bus. & Prof. Code § 17200 et seq.), and Unjust Enrichment.  A true and correct copy of the

16  complaint filed in the Oregon Action is attached hereto and incorporated herein by reference as

17  **Ex. 2.**

18     22.     On November 16, 2009, Default Judgment was entered against RENAISSANCE

19  MALIBU FOUNDATION in the Oregon matter because Renaissance Malibu Foundation was

20  served and did not file its appearance. A true and correct copy of the complaint filed in the Oregon

21  Action is attached hereto and incorporated herein by reference as **Ex. 3.**

22  **B.     The California Suit**

23     23.     Colony is informed and believes that on or about April 28, 2010, Grasshopper

24  House, LLC and Passages Silver Strand, LLC filed a Complaint for Damages against Renaissance

25  Recovery Services, LLC, NNB Recovery Services, LLC, and Salvatore Petrucci.  The causes of

26  action in the California Action are for Federal Unfair Competition, Unjust Enrichment, and Injury

27  to Business Reputation.  A true and correct copy of the complaint filed in the California Action is

28  attached hereto and incorporated herein by reference as **Ex. 4.**

Colony Insurance Company  v. Renaissance Malibu, LLC
USDC Case No. _____

## C. Factual Summary of Both the Oregon and California Actions[1]

24.     Colony is informed and believes that Grasshopper House, LLC's and Passages Silver Strand, LLC, in both the Oregon and California Actions allege that Renaissance Recovery Services, LLC, NNB Recovery Services, LLC, Salvatore Petrucci, Renaissance Malibu Foundation, Accelerated Recovery Centers, LLC, and Baldwin Research Institute[2] have used, and continue to use Grasshopper House, LLC's and Passages Silver Strand, LLC's trademarks, without authorization, in their internet advertising. That Renaissance Recovery Services, LLC, NNB Recovery Services, LLC, Salvatore Petrucci, Renaissance Malibu Foundation, Accelerated Recovery Centers, LLC, and Baldwin Research Institute do so in an effort to trade on the goodwill of the Grasshopper House, LLC's and Passages Silver Strand, LLC's trademarks and trade name, thereby tricking customers into thinking that Renaissance Recovery Services, LLC's, NNB Recovery Services, LLC's, Salvatore Petrucci's, Renaissance Malibu Foundation's, Accelerated Recovery Centers, LLC's, and Baldwin Research Institute's goods and services are associated with Grasshopper House, LLC and Passages Silver Strand, LLC. Renaissance Recovery Services, LLC's, NNB Recovery Services, LLC's, Salvatore Petrucci's, Renaissance Malibu Foundation's, Accelerated Recovery Centers, LLC's, and Baldwin Research Institute's unauthorized use of Grasshopper House, LLC's and Passages Silver Strand, LLC's trademarks and trade name also confuses potential customers searching for Grasshopper House, LLC and Passages Silver Strand, LLC on the internet and misdirects them to Renaissance Recovery Services, LLC, NNB Recovery Services, LLC, Salvatore Petrucci, Renaissance Malibu Foundation, Accelerated Recovery Centers, LLC, and Baldwin Research Institute's websites instead of the Grasshopper House, LLC's and Passages Silver Strand, LLC's websites.

---

[1] The factual allegations in both the Oregon and California Actions are nearly the same, with exception to a few grammatical differences.

[2] Both the Oregon and California pleadings are devoid of any reference to Renaissance Malibu, LLC which is the only named insured under the operative Colony Insurance at issue herein.

COMPLAINT FOR DECLARATORY RELIEF

25.     On or about May 5, 2010, Colony received the First Notice of Loss/claim by or on behalf of Renaissance Malibu, LLC regarding the California Action, is attached hereto and incorporated herein by reference as **Ex. 5.**

26.     On or about June 1, 2010, Colony received the First Notice of Loss/claim by or on behalf of Renaissance Malibu, LLC regarding the Oregon Action, is attached hereto and incorporated herein by reference as **Ex. 6.**

27.     On or about June 11, 2010, Colony issued a denial of coverage to its insured as to the Oregon Action.  A true and correct copy of the Colony denial letter to Renaissance Malibu, LLC is attached hereto and incorporated herein by reference as **Ex. 7.**

28.     On or about June 15, 2010, Colony issued a denial of coverage to its insured as to the California Action.  A true and correct copy of the Colony denial letter to Renaissance Malibu, LLC is attached hereto and incorporated herein by reference as **Ex. 8.**

29.     Colony asserts that, pursuant to the terms, exclusions and conditions of the policy issued to Renaissance Malibu, LLC, there is no coverage for either the Oregon Action or the California Action.

### CLAIM FOR DECLARATORY RELIEF

30.     Colony hereby incorporates by reference paragraphs 1 through 29, inclusive, as though fully set forth herein.

31.     An actual controversy has now arisen and exists between Colony and Renaissance Malibu, LLC regarding each of their respective legal rights and obligations under the 2010-2011 Colony policy issued to Renaissance Malibu, LLC. This controversy is within the jurisdiction of this Court and can be resolved by a declaratory judgment without the involvement of other suits.

32.     Colony is informed and believes, and thereon alleges, that Renaissance Malibu, LLC contends that the 2010-2011 Colony policy provides coverage for both the Oregon Action and the California Action.

33.     Colony contends that, pursuant to the terms, exclusions and conditions of the 2010-2011 policy issued to Renaissance Malibu, LLC, there is no coverage for either the Oregon Action or the California Action.

1    34.    Specifically, Colony further contends that, pursuant to the terms, exclusions and

2    conditions of the policy issued to Renaissance Malibu, LLC, that there was no available coverage

3    under Commercial General Liability or the Professional Liability portions of the 2010-2011 policy

4    because:

5        (a)    The named insured, Renaissance Malibu, LLC, is not a named Defendant in the

6    Oregon Action;

7        (b)    The named insured, Renaissance Malibu, LLC, is not a named Defendant in the

8    California Action;

9        (c)    The named Defendants in both the Oregon and California Actions are not insureds;

10       (d)    No "bodily injury" or "property damage" occurred during the 10-11 policy period;

11       (e)    No "bodily injury" or "property damage" during the policy period was caused by

12    an "occurrence" within the 10-11 policy;

13       (f)    No "offense" occurred as defined under the 10-11 policy;

14       (g)    No "wrongful act" occurred as defined under the 10-11 policy;

15       (h)    To the extent that any insured had prior knowledge of the claims alleged and

16    default judgment entered in the Oregon Action prior to the effective date of the 10-11 policy, there

17    is no coverage;

18       (i)    To the extent that any insured had prior knowledge of the claims alleged in the

19    California Action prior to the effective date of the 10-11 policy there is no coverage under the 10-

20    11 policy;

21       (j)    The 10-11 policy does not provide a defense or indemnity for any suit based upon

22    or arising out of a firm, partnership, joint venture, organization, entity or trust not named in the

23    Declarations in which the insured: (1) has or had any ownership interest; (2) is or was a director,

24    officer, partner, principal, shareholder or "employee"; or (3) at any time managed, operated or

25    exercised direct or indirect control.";

26       (k)    The 10-11 policy does not provide a defense or indemnity for any "suit" or pay for

27    any "claim" "based upon or arising out of "personal and advertising injury" arising out of the

28

1  unauthorized use of another's name or product in your e-mail address, domain name or metatag, or

2  any other similar tactics to mislead another's potential customers;

3    (l)    The 10-11 policy does not provide a defense or indemnity for a knowing violation

4  of the rights of another;

5    (m)    The 10-11 policy does not provide a defense or indemnity for material published

6  prior to the policy period;

7    (n)    The 10-11 policy does not provide a defense or indemnity for material published

8  with knowledge of falsity;

9    (o)    The 10-11 policy does not provide a defense or indemnity for unauthorized use of

10  another's name or product;

11    (p)    The 10-11 policy does not provide a defense or indemnity for infringement of

12  copyright, patent, trademark or trade secret;

13    (q)    The 10-11 policy does not provide a defense or indemnity for criminal, fraudulent,

14  dishonest or intentional acts committed with knowledge of its wrongful nature or with the intent to

15  cause damage;

16    (r)    The 10-11 policy provides that all "occurrences", offenses or "wrongful acts" that

17  are logically or causally connected by any common fact, circumstance, situation, transaction,

18  event, advice or decision, regardless of the number of "claims", insureds or claimants, will be

19  considered to be one "occurrence", offense or "wrongful act" and will be deemed to have taken

20  place at the time the first of these related" occurrences", offenses or "wrongful acts" took place.

21  As such, there was no offense during the 10-11 policy as all alleged acts are deemed to have taken

22  place at the time of the earlier offense which was before the effective date of the 10-11 policy;

23    (s)    To the extent there was a material misrepresentation in the application for the 10-11

24  policy, there is no coverage under the 10-11 policy period;

25    (t)    The 10-11 policy does not provide a defense or indemnity under the doctrines of

26  loss in progress and knowledge of loss.

27  / / /

28  / / /

Colony Insurance Company  v. Renaissance Malibu, LLC
USDC Case No. _____

## PRAYER

WHEREFORE, Colony prays as follows:

1.    For a judicial determination of the rights, obligations and duties of the parties herein;

2.    For a judicial determination that the 2010-2011 Colony Policy provides no coverage for Renaissance Malibu, LLC, as it is not a named Defendant in the Oregon Action;

3.    For a judicial determination that the 2010-2011 Colony Policy provides no coverage for Renaissance Malibu, LLC, as it is not a named Defendant in the California Action;

4.    For attorneys' fees and costs;

5.    For costs of suit herein; and

6.    For such other relief as the Court deems just and proper.

DATED: June 24, 2010                    **FREDRICKSON, MAZEIKA & GRANT, LLP**

By:  _____
Peter S. Gregorovic, Esq.
pgregorovic@fmglegal.com
Melissa A. Hoffman, Esq.
mhoffman@fmglegal.com
5720 Oberlin Drive
San Diego, CA 92121
858-642-2002

Attorneys for Plaintiff
COLONY INSURANCE COMPANY